**Taranjit Singh NEELA, et al., Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72598.

Agency Nos. A77–816–246 and A77–816–247.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided Feb. 27, 2004.

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security,

San Francisco, CA, Donald A. Couvillon, Esq., Deborah N. Misir, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before TASHIMA, CLIFTON, Circuit Judges, and LEIGHTON, District Judge.*

MEMORANDUM **

Taranjit Singh Neela and Baljinder Kaur Neela, husband and wife, natives and citizens of India, petition for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of their applications for asylum and withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the Board summarily affirmed the IJ's decision without opinion, we review the IJ's order. 8 C.F.R. 1003.1(e)(4); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility finding and a denial of asylum and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lata v. INS*, 204 F.3d 1241, 1244–45 (9th Cir.2000). As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We deny the petition.

■ Substantial evidence supports the IJ's adverse credibility determination based on inconsistencies in the record, implausibility of the claim, dubious identity, and demeanor. Regarding inconsistencies, Neela testified that following his first arrest, he was taken to the police station at Nakodar, then transferred to Phagwara, Phillar, and, finally, Ladhiana. Neela's written declaration, however, states that he was transferred only once, from Nakodar to Ladhiana. Furthermore, Neela's written declaration states that he was tied between two poles and beaten during this time, but at the hearing, Neela testified that this beating occurred following his second arrest.

Regarding implausibility, Neela testified that he and his family had contact with terrorists from 1981 to 1995. The major crackdown against terrorists in petitioner's region occurred in the early 1990's and by 1995 there was much less terrorism. It is implausible that the first arrest did not occur until 1995, and that neither petitioner nor any family member was arrested during the most tumultuous years. It is also highly unlikely that the bombing at the mill, which destroyed property and lives under the dominion and control of Neela and his family, would have caused the police to believe that the family had anything to do with the terrorists responsible for the incident.

Furthermore, the authenticity of one of the only two documents submitted to establish Neela's identity, a driver's license, was dubious. The license was issued in January, 1998, while petitioner was still in detention. The photo was taken in 1991 or 1992 and showed a younger man with shorter hair and no beard.

Finally, and most significantly, are the IJ's findings regarding Neela's demeanor at the hearing. The IJ found that Neela's testimony appeared to be part of a prepared statement that was memorized. When Neela was asked anything that was not in his written asylum claim, he became emotionally agitated and seemed extremely uncomfortable. The IJ further noted

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that Neela's body language indicated his discomfort when asked questions to which he clearly did not know the answers or was unable to rationalize what the appropriate answer might be.

The IJ provided specific and legitimate reasons to support an adverse credibility finding. Even if the inconsistencies are considered immaterial, the IJ's assessment of petitioner's credibility was thorough and must be given deference, especially her findings regarding demeanor which are to be given "special deference." *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999).

Having failed to establish the requirements under asylum, it follows that Neela did not satisfy the more stringent standard for withholding of removal. *See Wang v. Ashcroft,* 341 F.3d 1015, 1022–23 (9th Cir.2003). Furthermore, as Neela "points to no other evidence that he could claim the [IJ] should have considered in making [her] determination under the Convention Against Torture," his CAT claim must fail along with his asylum claim. *Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

PETITION FOR REVIEW DENIED.